## CIRCUIT COURT OF FAIRFAX COUNTY

Robert David Hiett

v.

Barcroft Beach, Inc., et al.

April 18, 1991

Case No. (Law) 85646

By JUDGE THOMAS J. MIDDLETON

The matter came to be heard upon the motion of the defendants for a bifurcated trial on the issue of the validity of the waiver and the issue of negligence. Upon the consideration of the arguments and submissions of counsel and the applicable case law, the motion is granted.

The primary argument made by the defendants in justification of the need for a bifurcated trial is that the standards of proof on the two issues are different, so the jury is likely to become confused in the application of the law to its findings of fact. The plaintiff concedes that fraud and misrepresentation require proof by clear and convincing evidence, but he responds that he may show the waiver is not effective by proving the lack of one of the essential elements of a valid contract, such as a meeting of the minds, and such proof will only be required to rise to a preponderance.

Although the Supreme Court of Virginia has never squarely addressed the issue as the plaintiff would have this Court view it, it appears from a review of the decisions in cases where the defense of waiver or release has been asserted that avoiding such defense requires a showing by clear and convincing evidence. Stated differently, once a defendant offers a written release signed

by the plaintiff, the release may be avoided only by proof of mutual mistake, or duress, undue influence, or some other species of fraud. *See Nationwide Mut. Ins. Co. v. Muncy*, 217 Va. 916, 920 (1977) (release may not be avoided by unilateral mistake, and mutual mistake must be shown by clear, cogent, and convincing evidence); *Pace v. Richmond*, 231 Va. 216, 225 (1986) (undue influence is a species of fraud and therefore must be shown by clear, cogent, and convincing evidence); *Ford v. Engleman*, 118 Va. 89, 96 (1915) (duress is a species of fraud and must be proven by clear and convincing evidence); *Flowers v. Virginian Ry. Co.*, 135 Va. 367, 382 (1923) (where a party desires to avoid a release, evidence of fraud and imposition must be clear and convincing); *State Farm Mut. Ins. Co. v. Miller*, 194 Va. 589, 595 (1953) (in the absence of fraud or mistake, one cannot avoid the terms of a contract he failed to read.)

The case of *Nationwide Mut. Ins. Co. v. Muncy*, 217 Va. 916 is very instructive. In *Nationwide*, Mrs. Muncy was involved in an automobile accident with Nationwide's insured, resulting in both personal injury and property damage. A general release had been obtained from the plaintiff, but the trial court found that Mrs. Muncy intended to release only her claim for damages to her automobile and not her claim arising from personal injuries. The court stated "[i]t was in Mrs. Muncy's mind to release only as to the automobile. And Mr. Wall [the claims adjuster] knew that she was [actually] releasing him as to everything. *And therefore there was no meeting of the minds; there was not a valid agreement.* And I set it aside." *Nationwide*, 217 Va. at 920 (emphasis added).

The Supreme Court rejected the trial judge's reasoning and reversed, holding that unilateral mistake is not a basis to avoid a signed waiver. This Court finds, implicit in the Supreme Court's reasoning, a rejection of the arguments made by the plaintiff herein. Evidence which is relevant only to the theory of unilateral mistake will not be admitted in the case at bar.

The Court holds that regardless of the theory the plaintiff proceeds upon to avoid the signed release, clear and convincing evidence will be required. Therefore, to enable the jury to come to an accurate disposition regarding the validity of the waiver, a bifurcated trial is warranted.